were afterwards sold by Obets and were never received by plaintiff. It was shown that Obets received about 6,500 crates, used for his own crop about 2,400 and made two sales to other growers, one of about 2,666 and the other of 1,600, which were hauled directly from his farm to the premises of the purchasers.

The principal defense was the return of the crates by Obets under the agreement. Defendant also contended that there was no consideration for the agreement.

BENJAMIN C. BACHRACH and ARTHUR C. BACHRACH, for plaintiff in error.

ALBERT E. LUCIUS and EDWARD B. LUCIUS, for defendant in error.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

### Abstract of the Decision.

SALES, § 329*—*when evidence sufficient to support verdict.* Evidence in action to recover for purchase price of goods sold and delivered, examined and *held* to support the verdict.

---

### City of Chicago, Defendant in Error, v. Emily Marshall, Plaintiff in Error.

### Gen. No. 20,642.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES N. GOODNOW, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed November 1, 1915.

### Statement of the Case.

Complaint by the City of Chicago against Emily Marshall, defendant, of violating section 2019 of the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Rothbaum et al. v. Levy, 195 Ill. App. 246.

Municipal Code of Chicago by being the keeper of a disorderly house. There was evidence for complainant of conduct of a woman inmate of the house and defendant admitted three former convictions of keeping a disorderly house. Some of complainant's testimony was denied by defendant. To reverse a judgment of the court fining defendant, she prosecutes this writ of error.

CHARLES HORGAN, for plaintiff in error.

JOHN W. BECKWITH and ALBERT J. W. APPELL, for defendant in error; JOHN F. POWER, of counsel.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

DISORDERLY HOUSE, § 2*—*when evidence sufficient to support verdict.* Evidence in a prosecution on the charge of keeping a disorderly house, examined and *held* to support a finding that defendant was guilty.

---

Albert Rothbaum and Mandel Astrahan, trading as Rothbaum & Astrahan, Plaintiffs in Error, v. Henry Levy, Defendant in Error.

#### Gen. No. 20,722.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH S. LA BUY, Judge, presiding. Heard in this court at the October term, 1914. Reversed and judgment in this court. Opinion filed November 1, 1915. Rehearing denied November 15, 1915.

### Statement of the Case.

Action by Albert Rothbaum and Mandel Astrahan, trading as Rothbaum & Astrahan, plaintiffs, against Henry Levy, defendant, to recover $200 on the following contract:

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.